UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
839 CLIFFSIDE AVE. LLC,

                  Plaintiff,

      -against-


DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for First Franklin
Mortgage Loan Trust 2006-FF3, Mortgage
Pass-Through Certificates, Series 2006-FF3,

                  Defendant.
-----------------------------------------------------------------X
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for First Franklin
Mortgage Loan Trust 2006-FF3, Mortgage
Pass-Through Certificates, Series 2006-FF3,

                  Third-Party Plaintiff,

      -against-

ELMAR POLATOV,

                  Third-Party Defendant.
-----------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
15-CV-4516 (SIL)

**LOCKE, Magistrate Judge:**

      By way of Complaint dated August 3, 2015, Plaintiff 839 Cliffside Ave. LLC

("Plaintiff" or "839 Cliffside") commenced this action against Defendant/Third-Party

Plaintiff Deutsche Bank National Trust Company, as Trustee for First Franklin

Mortgage Loan Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-

FF3 ("Defendant" or "Deutsche Bank"), seeking to cancel and discharge the mortgage

lien encumbering the property located at 839 Cliffside Avenue, Valley Stream, New

York (the "Subject Property"). *See* Docket Entry ("DE") [1]. In its Answer to the

Complaint, Deutsche Bank asserted various affirmative defenses, as well as

counterclaims against 839 Cliffside for unjust enrichment and equitable mortgage. *See* DE [18]. Defendant also commenced a third-party action against Third-Party Defendant Elmar Polatov ("Polatov"), alleging a cause of action for unjust enrichment. *Id.* Presently before the Court is Plaintiff's motion to: (i) strike Deutsche Bank's Third-Party Complaint against Polatov pursuant to Fed. R. Civ. P. 14; (ii) dismiss Deutsche Bank's counterclaims against 839 Cliffside for unjust enrichment and equitable mortgage pursuant to Fed. R. Civ. P. 12(b)(6); and (iii) strike certain of Deutsche Bank's affirmative defenses pursuant to Fed. R. Civ. P. 12(f). *See* DE [25]. For the reasons set forth herein, Plaintiff's motion is granted in part and denied in part.

I. **BACKGROUND**

A. **Relevant Facts**

Unless otherwise noted, the following facts are drawn from Plaintiff's Complaint and Defendant's Third-Party Complaint.

1. The Note and Mortgage

On November 9, 2005, Polatov executed and delivered a note to First Franklin, a Division of National City Bank of Indiana ("First Franklin") in the amount of $750,000, with interest to be paid on the unpaid balance (the "Note"). *See* Compl. ¶ 5. As security for payment under the Note, Polatov also executed and delivered a mortgage lien to First Franklin encumbering the Subject Property (the "Mortgage"). *Id.* at ¶ 6. The Mortgage was recorded in the Nassau County Clerk's Office on December 22, 2005 in Liber 29871 at Pages 739-57. *Id.* On March 7, 2006, First

Franklin assigned the Mortgage to non-party First Franklin Financial Corporation ("FFFC"), and on February 1, 2008, FFFC assigned the Mortgage to Defendant Deutsche Bank.[1]  *Id.* at ¶¶ 7, 8.  Both the assignment to FFFC and Deutsche Bank were duly recorded in the Nassau County Clerk's Office on April 10, 2006 and May 20, 2008, respectively.  *Id.*

### 2.  State Court Foreclosure Action Against Polatov

By way of summons and complaint dated July 1, 2008, Defendant commenced a foreclosure action against Polatov in the Supreme Court of the State of New York, Nassau County, bearing the caption *Deutsche Bank National Trust Company, as Trustee for FFML Trust 2006-FF3, Mortgage Pass-Through Certificates 2006-FF3 v. Elmar Polatov, et al.*, Index No. 12067/2008 (the "Foreclosure Action").  *Id.* at ¶ 10. In the Foreclosure Action, Deutsche Bank alleged that Polatov failed to comply with the conditions of the Mortgage and Note by failing and omitting to pay amounts that came due and payable.  *Id.*  Accordingly, Defendant accelerated the Note, electing to call due the entire amount payable thereunder.  *Id.*  According to 839 Cliffside, because Deutsche Bank elected to call due the entire amount under the Note, the six-year statute of limitations to bring an action to foreclose on the Mortgage pursuant to N.Y. C.P.L.R. 213(4) began to run on July 1, 2008.  *Id.* at ¶ 11.

---

[1] In a subsequent Assignment of Mortgage, dated November 11, 2014, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3 assigned the Mortgage to Deutsche Bank National Trust Company, as Trustee for FFMLT 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3 to remedy an erroneous description in the February 1, 2008 Mortgage assignment.  *See* Affirmation of David Berg in Support of Plaintiff's Motion for a Default Judgment ("Berg Aff."), DE [10-1], Ex. 10.

In the Foreclosure Action, Polatov denied signing any loan documents and claimed that non-party Alex Lukov forged his signature, thereby committing fraud against Polatov and First Franklin. *Id.* at ¶ 13. Lukov was subsequently indicted for this fraud in the United States District Courts for the both the Eastern and Southern Districts of New York. *Id.* On December 20, 2010, the Honorable Thomas A. Adams of the Supreme Court of the State of New York, Nassau County, vacated a previously entered judgment of foreclosure and sale and dismissed the Foreclosure Action without prejudice on the grounds that the court lacked jurisdiction pursuant to N.Y. C.P.L.R. 3211(a)(8). *Id.* at ¶ 12; *see also* Short Form Order Dismissing Foreclosure Action ("Foreclosure Action Order"), DE [10-13], at 1. The court further observed that Polatov "provided proof that the procuring of the subject mortgage which defendant . . . denies execution, by [Lukov], formed a part of a federal indictment and conviction of Mr. Lukov." *See* Foreclosure Action Order at 1. Since dismissal of the Foreclosure Action, Deutsche Bank has not commenced any new action seeking to foreclose on the Mortgage. *See* Compl. ¶ 15.

3. <u>State Court Discharge Action Against Deutsche Bank</u>

By way of summons and complaint dated August 12, 2014, Polatov commenced an action seeking to discharge the Mortgage on the Subject Property in the Supreme Court of the State of New York, Nassau County, bearing the caption *Elmar Polatov v. Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3*, Index No. 604178/2014 (the "State Discharge Action"). *See* Declaration of Brian P. Scibetta,

Esq. ("Scibetta Decl."), DE [25-5], Ex. 1. In the State Discharge Action, Polatov sought identical relief to that which 839 Cliffside now seeks, including discharge and cancellation of the Mortgage and all assignments thereof. *Id.* According to Polatov, because Deutsche Bank elected to accelerate the Note on July 1, 2008, the statute of limitations to commence a foreclosure action pursuant to N.Y. C.P.L.R. 213(4) had expired, and Polatov was therefore entitled to a discharge of the Mortgage. *Id.* at ¶¶ 8, 9.

On April 1, 2015, Polatov filed a motion for summary judgment in the State Discharge Action. *See* Notice of Motion for Summary Judgment, *Polatov*, No. 604178/2014 (Doc. No. 6). In a July 7, 2015 Decision and Order, the Honorable Karen V. Murray denied Polatov's motion for summary judgment, holding that Polatov "failed to establish his *prima facie* entitlement to summary judgment as a matter of law." *See* Short Form Order at 3, *Polatov*, No. 604178/2014 (Doc. No. 41). Thereafter, on July 13, 2015, Polatov filed a motion to discontinue the State Discharge Action on the grounds that he had sold the Subject Property to 839 Cliffside on March 31, 2015, and therefore no longer had an interest in the Subject Property sufficient to maintain the litigation. *See* Notice of Motion for Voluntary Discontinuance, *Polatov*, No. 604178/2014 (Doc. No. 44). According to Deutsche Bank, Polatov did not disclose his sale of the Subject Property until after his motion for summary judgment was denied. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Discontinue the Action at 1, *Polatov*, No. 604178/2014 (Doc. No. 54). Indeed, in a September 23, 2015 Decision and Order, Judge Murray observed that,

"[u]nbeknownst to the Court at the time the previous summary judgment motion was pending is the fact that plaintiff conveyed the real property that is subject to the mortgage to 839 Cliffside Ave, LLC, on March 31, 2015." *See* Short Form Order at 2, *Polatov*, No. 604178/2014 (Doc. No. 61). Nevertheless, the court granted Polatov's motion for voluntary discontinuance and dismissed the State Discharge Action. *Id.*

### B. <u>Procedural History</u>

By way of Complaint dated August 3, 2015, 839 Cliffside commenced this action against Deutsche Bank, seeking to discharge and cancel the Mortgage on the Subject Property pursuant to N.Y. Real Prop. Acts. Law § 1501(4). *See* DE [1]. Similar to Polatov's allegations in the State Discharge Action, here 839 Cliffside alleges that because Deutsche Bank accelerated the Note on July 1, 2008 the six-year statute of limitations to commence a foreclosure action pursuant to N.Y. C.P.L.R. 213(4) expired on July 1, 2014. *See* Compl. ¶¶ 11-16. After Deutsche Bank failed to answer or otherwise respond to the Complaint, the Clerk of Court noted Deutsche Bank's default on August 31, 2015. *See* DE [9]. That same day, Plaintiff filed a motion seeking a default judgment against Deutsche Bank, which Deutsche Bank opposed. *See* DE [10], [14]. At an October 19, 2015 hearing, 839 Cliffside withdrew its motion for default judgment. *See* DE [16].

On November 2, 2015, Deutsche Bank filed its Answer, Counterclaim, and Third-Party Complaint, in which it invokes various affirmative defenses and denies that Plaintiff is entitled to a judgment cancelling the Mortgage on the Subject Property. *See* DE [18]. Defendant also asserts: (i) counterclaims against 839

6

Cliffside for unjust enrichment and equitable mortgage, and (ii) a third-party claim against Polatov for unjust enrichment. *See* Countercl. ¶¶ 14-25. According to Deutsche Bank, as of the date on which it filed its Answer, it had made payments totaling $179,818.31 for "the purpose of payment of taxes, assessments, water rates, escrow, insurance premiums, and/or any other charges, in order to protect its interests in the Subject Property." *Id.* at ¶ 11. Defendant further alleges that "additional costs continue to accrue for which [Deutsche Bank] intends to make further payments." *Id.*

On January 12, 2016, Plaintiff filed the instant fully briefed motion, in which it seeks an Order: (i) striking Defendant's Third-Party Complaint against Polatov pursuant to Fed. R. Civ. P. 14; (ii) dismissing Defendant's counterclaims against 839 Cliffside pursuant to Fed. R. Civ. P. 12(b)(6); and (iii) striking certain of Defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(f). *See* DE [25]. Plaintiff argues, among other things, that: (i) resolution of the third-party action would unduly delay and complicate 839 Cliffside's discharge action against Deutsche Bank; (ii) the Third-Party Complaint fails to state a claim for unjust enrichment against Polatov; (iii) Defendant's counterclaims fail to state a claim for either unjust enrichment or equitable mortgage against 839 Cliffside; (iv) Defendant's counterclaim for unjust enrichment is untimely pursuant to New York's six-year statute of limitations; and (v) certain of Defendant's affirmative defenses should be stricken. *See* Memorandum of Law in Support of Plaintiff's Motion to Strike the Third Party Complaint ("Pl.'s Mem."), DE [25-4], at 5-16. In opposition, Deutsche Bank argues, among other things,

that: (i) inclusion of the third-party action will not unnecessarily complicate 839 Cliffside's discharge action; (ii) it has stated claims for unjust enrichment and equitable mortgage against 839 Cliffside; and (iii) Plaintiff's attempt to strike Deutsche Bank's affirmative defenses is premature. *See* Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Third-Party Complaint, Dismiss the Counterclaims, and Strike Various Affirmative Defenses ("Def.'s Opp'n"), DE [25-6], at 1-2.

## II. DISCUSSION

As set forth above, in the instant motion Plaintiff seeks to: (i) strike the Third-Party Complaint against Polatov; (ii) dismiss Deutsche Bank's counterclaims against 839 Cliffside; and (iii) strike certain of Deutsche Bank's affirmative defenses. *See* Notice of Motion, DE [25], at 1. For the reasons set forth herein, Plaintiff's motion is granted in part and denied in part.

### A. <u>Motion to Strike Deutsche Bank's Third-Party Complaint</u>

Impleader is governed by Fed. R. Civ. P. 14, which provides in relevant part that, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Courts in the Second Circuit have observed that "Rule 14 provides a procedural mechanism whereby a defendant can have derivative, contingent claims against others not originally parties to the action adjudicated contemporaneously with the claims against it: it does not create new substantive rights against those other parties." *Shafarman v. Ryder Truck Rental, Inc.*, 100

F.R.D. 454, 457 (S.D.N.Y. 1984). To that end, the Second Circuit has held that "the purpose of Rule 14(a) is 'to avoid two actions which should be tried together to save the time and cost of a re-duplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant." *Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (S.D.N.Y. 1996) (quoting *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959)). The party seeking to implead a third-party bears the burden of showing that impleader is appropriate. *See Schoenholtz v. Doniger*, No. 83 Civ. 2740, 1984 WL 374, at *5 (S.D.N.Y. May 4, 1984) ("[A] defendant attempting to implead a third party bears the burden of showing that if he is found liable to the plaintiff, then the third party will in turn be liable to him."). Ultimately, "[t]here is considerable discretion vested in the trial court in deciding whether to permit or strike a third-party complaint." *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983); *see also New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court.").

In determining whether to strike a third-party complaint pursuant to Fed. R. Civ. P. 14, courts consider: "'(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be

granted.'" *Kenney v. City of New York*, No. 09-CV-1422, 2011 WL 4460598, at *2 (E.D.N.Y. Sept. 26, 2011) (quoting *Salomon v. Burr Manor Estates, Inc.*, 635 F. Supp. 2d 196, 200 (E.D.N.Y. 2009)); *see also Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 401 (E.D.N.Y. 2009) ("Timely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim."); *Hartford Fire Ins. Co. v. Cty. Asphalt, Inc.*, No. 01 Civ. 6176, 2002 WL 31654853, at *3 (S.D.N.Y. Nov. 22, 2002) ("[T]he court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim."). Moreover, "[i]t is well-settled in the Second Circuit that an impleader or third-party action must be 'dependent on' or 'derivative of'" the main claim." *Intellipayment, LLC v. Trimarco*, No. 15-CV-1566, 2016 WL 1239261, at *3 (E.D.N.Y. Mar. 29, 2016) (quoting *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437-38 (2d Cir. 2000)); *see also Murphy v. Keller Indus., Inc.*, 201 F.R.D. 317, 319 (S.D.N.Y. 2001) ("Rule 14(a) permits a defendant to implead a third-party defendant so long as the third-party defendant may become liable for all or part of the plaintiff's judgment."); *Index Fund, Inc. v. Hagopian*, 417 F. Supp. 738, 744 (S.D.N.Y. 1976) ("The procedural device of impleader may be utilized only when the third-party complaint necessarily depends upon the outcome of the main claim against the defendant."). Therefore, courts have observed that "[t]he traditional grounds for a third-party action are indemnification, contribution, or subrogation." *Intellipayment, LLC*, 2016 WL 1239261, at *3. However, "[r]egardless of the type of

claim asserted, '[t]he outcome of the third-party claim must be contingent on the outcome of the main claim.'" *Falcone*, 659 F. Supp. 2d at 401 (quoting *Nat'l Bank of Canada v. Artex Indus., Inc.*, 627 F. Supp. 610, 613 (S.D.N.Y. 1986)).

Here, Deutsche Bank has failed to establish that its third-party claim for unjust enrichment against Polatov is either derivative of or dependent on the outcome of 839 Cliffside's claim against Deutsche Bank arising under N.Y. Real Prop. Acts. Law § 1501(4). In 839 Cliffside's claim against Deutsche Bank, Plaintiff seeks to discharge the Mortgage on the Subject Property pursuant to N.Y. Real Prop. Acts. Law § 1501, which provides in relevant part:

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom . . . .

N.Y. Real Prop. Acts. Law § 1501(4); *see also* Compl. ¶¶ 16-18. Indeed, 839 Cliffside does not seek monetary damages from Deutsche Bank, but rather, it seeks an adjudication that the Mortgage no longer encumbers the Subject Property. *See* Compl. ¶¶ 16-18. In contrast, in its third-party claim against Polatov, Deutsche Bank seeks to recover monetary damages for "taxes, assessments, water rates, escrow, insurance premiums and/or any other charges that have come due and are payable under the terms of the Note and Mortgage . . . ." *See* Third-Party Compl. ¶ 8. Although Deutsche Bank's third-party claim against Polatov is related to 839 Cliffside's claim inasmuch as they both concern the Mortgage and Subject Property, that alone is insufficient to establish that Deutsche Bank's third-party claim is

contingent upon or otherwise dependent on 839 Cliffside's main claim. *See Blais Constr. Co. v. Hanover Square Assocs.-I, L.P.*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) ("[T]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."); *Unilease Comput. Corp. v. Major Comput. Inc.*, 126 F.R.D. 490, 493 (S.D.N.Y. 1989) (holding that "an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim"). Because Deutsche Bank does not claim that Polatov is somehow liable for the claims asserted by 839 Cliffside, Deutsche Bank fails to establish that its third-party claim is contingent on the main action. *See Intellipayment, LLC*, 2016 WL 1239261, at *4 (granting motion to strike a third-party complaint where the plaintiff could not "claim that the third-party defendants [were] somehow liable for any of the claims in the plaintiff's complaint"); *see also Siemens Westinghouse Power Corp. v. Dick Corp.*, 299 F. Supp. 2d 242, 248 (S.D.N.Y. 2004) ("The crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff."); *Columbus McKinnon Corp. v. China Semiconductor Co., Ltd.*, 867 F. Supp. 1173, 1177 (W.D.N.Y. 1994) ("[A] third-party claim is proper only if a non-party might be found liable to the defendant for all or a part of a plaintiff's successfully-asserted claim against a defendant.").

In opposition to Plaintiff's motion to strike, Deutsche Bank argues that its claim against Polatov "is contingent upon the outcome of 839 Cliffside's claim against [Deutsche Bank] insofar as [Deutsche Bank] will only seek recovery from Third-Party

Defendant in the event that 839 Cliffside prevails upon its claim." *See* Countercl. ¶¶ 21-22; *see also* Def.'s Opp'n at 5 ("[I]n the event that [Deutsche Bank's] mortgage is discharged, it would seek to recover these advances through the alternative claim of unjust enrichment."). However, the fact that Deutsche Bank will only elect to seek recovery from Polatov in the event that 839 Cliffside prevails upon its claim does not render Deutsche Bank's third-party action contingent for purposes of Fed. R. Civ. P. 14. *See Doucette v. Vibe Records, Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005) ("[W]hen determining whether impleading a third-party is appropriate, the third-party defendant's liability to the third-party plaintiff must be dependent upon the outcome of the main claim or the third-party defendant must be potentially secondarily liable as a *contributor* to the defendant.") (internal quotation omitted) (emphasis in original). Rather, because Deutsche Bank's ability to recover from Polatov does not depend on whether 839 Cliffside prevails on its claim against Deutsche Bank arising under N.Y. Real Prop. Acts. Law § 1501(4), impleader under Fed. R. Civ. P. 14 is inappropriate.

Moreover, even assuming that Deutsche Bank's third-party claim against Polatov is contingent upon 839 Cliffside's claim against Deutsche Bank, Deutsche Bank's Third-Party Complaint fails to state a claim for unjust enrichment. It is well-established that, "[u]nder New York law, '[t]he theory of unjust enrichment lies as a quasi-contract claim.'" *Green Tree Servicing LLC v. Christodoulakis*, 136 F. Supp. 3d 415, 424 (E.D.N.Y. 2015) (quoting *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011)); *see also Maryland Cas. Co. v. W.R. Grace & Co.*, 218

F.3d 204, 212 (2d Cir. 2000) ("The notion of unjust enrichment applies where there is no contract between the parties . . . ."). Therefore, courts in the Second Circuit have held that unjust enrichment claims are precluded "whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587 (2d Cir. 2006). According to Defendant, Polatov has failed to make payments "for taxes, assessments, water rates, escrow, insurance premiums and/or any other charges that have come due and are *payable under the terms of the Note and Mortgage* . . . ." Third-Party Compl. ¶ 8 (emphasis added). Because Defendant's own allegations establish that the amount it seeks to recover from Polatov arise out of the Note and Mortgage, Deutsche Bank fails to state a claim for unjust enrichment against Polatov. *See Beth Israel Med. Ctr.*, 448 F.3d at 587; *see also Ledgerwood v. Ocwen Loan Servicing LLC*, No. 15 Civ. 1944, 2016 U.S. Dist. LEXIS 2363, at *11 (S.D.N.Y. Jan. 7, 2016) ("An agreement consisting of a 'note and mortgage' is a contract which bars recovery for unjust enrichment."). Therefore, even assuming Deutsche Bank's claim for unjust enrichment is contingent upon Plaintiff's claim arising under N.Y. Real Prop. Acts. Law § 1501(4), impleader pursuant to Fed. R. Civ. P. 14 would still be inappropriate. *See Doucette*, 233 F.R.D. at 121 (holding that "the third-party complaint must be dismissed for failure to properly plead a third-party claim"); *see also Kenny*, 2011 WL 4460598, at *2 (observing that courts consider, among other things, "whether the proposed third-party complaint states a claim upon which relief can be granted").

Based on the foregoing, Plaintiff's motion to strike Deutsche Bank's Third-Party Complaint is granted, and Deutsche Bank's third-party claim against Polatov for unjust enrichment is dismissed without prejudice to Deutsche Bank's ability to commence a separate action against Polatov.

### B. <u>Motion to Dismiss Counterclaims</u>

Next, Plaintiff moves to dismiss Deutsche Bank's counterclaims against 839 Cliffside pursuant to Fed. R. Civ. P. 12(b)(6). *See* Pl.'s Mem. at 10-12. In order to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's consideration is limited to:

> (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated . . . by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, *i.e.,* documents that are "integral" to the complaint.

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted); *see also Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) ("The court's consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit."). For the reasons set forth herein, Plaintiff's motion to dismiss Deutsche Bank's counterclaims is granted in part and denied in part.

### 1. Counterclaim for Unjust Enrichment

In its counterclaim for unjust enrichment, Deutsche Bank alleges that it "has and continues to make payments for the Carrying Costs of the Property, totaling an amount of $179,818.31 to date." *See* Countercl. ¶¶ 14-22. Plaintiff moves to dismiss Defendant's counterclaim for unjust enrichment on the grounds that: (i) it is time-barred by the statute of limitations, and (ii) Deutsche Bank fails to state a claim for unjust enrichment. *See* Pl.'s Mem. at 10-11. Both arguments are unavailing.

####    i.    *Whether Deutsche Bank's Claim for Unjust Enrichment Against 839 Cliffside is Timely*

Pursuant to New York law, "unjust enrichment claims seeking equitable relief are governed by a six (6)-year statute of limitations." *Lia v. Saporito*, 909 F. Supp. 2d 149, 167 (E.D.N.Y. 2012). In contrast, "unjust enrichment claims seeking monetary damages are governed by the three (3)-year statute of limitations under Section 214(3) of the New York Civil Practice Law and Rules." *Id.*; *see also Grynberg v. Eni S.p.A.*, No. 06 Civ. 6495, 2007 U.S. Dist. LEXIS 65787, at *8-9 (S.D.N.Y. Sept.

5, 2007) ("New York courts have held that [unjust enrichment] claims are governed by either a three-year statute of limitations when monetary relief is sought or a six-year statute of limitations when equitable relief is sought."). Relevant for purposes of Defendant's counterclaim, the statute of limitations on an unjust enrichment claim begins to run "when a defendant accepts the benefits bestowed upon him." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 558 F. Supp. 2d 378, 409 (E.D.N.Y. 2008).

In its counterclaim for unjust enrichment, Deutsche Bank alleges that "839 Cliffside has occupied and enjoyed the use of the Property since March 31, 2015, but has not paid any portion of the Carrying Costs required to sustain the property." Countercl. ¶ 17. Accordingly, Deutsche Bank claims that "839 Cliffside . . . [has] been unjustly enriched by Defendant's payment of the Carrying Costs, in an as to be determined amount . . . ." *Id.* at ¶ 20. Because 839 Cliffside did not purchase the Subject Property until March 31, 2015, any carrying costs that Deutsche Bank paid on 839 Cliffside's behalf were necessarily paid within three years of the date on which Deutsche Bank asserted its counterclaim against 839 Cliffside. Therefore, regardless of whether a three- or six-year statute of limitations applies to Deutsche Bank's counterclaim for unjust enrichment, the counterclaim is timely. *See Lia*, 909 F. Supp. 2d at 168 (E.D.N.Y. 2012) (holding that an unjust enrichment claim was timely where defendant received a benefit within three years of the date on which the action was commenced); *see also HSBC Bank USA, N.A. v. Singh*, 46 Misc.3d 1223(A), at *7, 13 N.Y.S.3d 850 (N.Y. Sup. Ct. 2015) ("As [the defendant's] acquisition of the Property

was less than six years prior to the commencement of this action . . . the equitable causes of action are not barred by the statute of limitations."). Accordingly, to the extent that Plaintiff seeks dismissal of Deutsche Bank's counterclaim for unjust enrichment on timeliness grounds, 839 Cliffside's motion is denied.

> ii. *Whether Deutsche Bank States a Claim for Unjust Enrichment Against 839 Cliffside*

Pursuant to New York law, "to prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Melnick v. Press*, 809 F. Supp. 2d 43, 70 (E.D.N.Y. 2011) (quoting *Marini v. Lombardo*, 79 A.D.3d 932, 934, 912 N.Y.S.2d 693 (2d Dep't 2010)); *see also Beth Israel Med. Ctr.*, 448 F.3d at 586 ("To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."); *Bank of Am., N.A. v. NMR Realty Abstract Servs., Ltd.*, No. 12-CV-797, 2014 WL 3585716, at *5 (E.D.N.Y. Jan. 2, 2014) ("The essence of an unjust enrichment claim is that one party has received money or a benefit at the expense of another.") (internal quotation omitted). Moreover, "[t]he services performed must not have merely benefited the enriched party, but must have been performed at its behest." *Wilson v. Dantas*, No. 12 Civ. 3238, 2013 WL 92999, at *7 (S.D.N.Y. Jan. 7, 2013); *see also Carruthers v. Flaum*, 388 F. Supp. 2d 360, 371 (S.D.N.Y. 2005) (dismissing claim for unjust enrichment where the plaintiffs "advanced . . . funds for their own benefit and perhaps the benefit of their business partners").

Here, Deutsche Bank's allegations are sufficient at this stage of the proceeding to state a claim for unjust enrichment against 839 Cliffside. According to Deutsche Bank, after October 1, 2007, it made monetary advances "for the purpose of payment of taxes, assessments, water rates, escrow, insurance premiums and/or any other charges . . . ." Countercl. ¶ 11. Defendant further alleges that it "has made a portion of these payments subsequent to 839 Cliffside's alleged acquisition of the Property on March 31, 2015." *Id.* at ¶ 13. Accordingly, Deutsche Bank claims that Plaintiff has "been unjustly enriched by Defendant's payment of the Carrying Costs" because "839 Cliffside has occupied and enjoyed the use of the Property . . . but has not paid any portion of the Carrying Costs required to sustain the property." *Id.* at ¶¶ 17, 20. These allegations, accepted as true, are sufficient to establish that Plaintiff has received a benefit at Deutsche Bank's expense. *See Trotta v. Ollivier*, 91 A.D.3d 8, 14-15, 933 N.Y.S.2d 66 (2d Dep't 2011) (holding that, after "ownership of [a] property had . . . passed to [the defendant] by operation of law," the defendant was unjustly enriched "by [the plaintiff's] $7,500 payment toward the carrying costs of his property"); *Bernstein v. Braiman*, 27 Misc.3d 1236(A), at *6, 910 N.Y.S.2d 760 (N.Y. Sup. Ct. 2010) (discharging a mortgage, but holding that "Defendants are entitled to be equitably subrogated to the payments of which [the plaintiff] was the beneficiary so as to avoid unjust enrichment to plaintiff"). Indeed, courts allow for the recovery of similar advances under the theory of unjust enrichment. *See Banco Popular N. Am. v. Lieberman*, 75 A.D.3d 460, 461, 905 N.Y.S.2d 82 (1st Dep't 2010) ("Plaintiff established its entitlement to recover from defendant . . . under the theory of unjust

enrichment, the amount of property taxes it inadvertently paid on [the defendant's] mortgaged property.").

Relying on the dissenting opinion in *Murphy v. 317-319 Second Realty LLC*, 95 A.D.3d 443, 944 N.Y.S.2d 42 (1st Dep't 2012), Plaintiff argues, among other things, that "it is plain from defendant's pleading that while plaintiff may have received a benefit from defendant's expenditures said expenditures were not performed for plaintiff's benefit but for defendant's own benefit." Pl.'s Mem. at 10. According to Plaintiff, "because defendant's expenditures were performed for its own benefit, i.e., 'to protect its interest in the property' the secondary benefit to plaintiff does not constitute unjust enrichment . . . ." *Id.* at 11. However, in *Murphy*, the plaintiff asserted a claim for unjust enrichment against the owner of an apartment building based on an agreement with the building's previous owner approximately seven years earlier that the plaintiff would "renovate and rehabilitate the apartment in exchange for a 'substantial rent credit.'" 95 A.D.3d at 444, 944 N.Y.S.2d at 42. The majority denied the defendant's motion to dismiss, observing that "if there is a valid claim for unjust enrichment, it is the current owner who would benefit from the improvements." *Id.* at 445, 944 N.Y.S.2d at 42. In any event, the *Murphy* dissent's reasoning on which 839 Cliffside relies is distinguishable, as there, the court observed that the "renovations [the plaintiff] undertook, while arguably benefitting the defendant, were not undertaken at defendant's behest" where they were "based upon an agreement [seven years earlier] between [the plaintiff] and *the prior owner* of defendant's premises." *Id.* at 446, 944 N.Y.S.2d at 42 (emphasis in original). Here,

Deutsche Bank continued to pay carrying costs on the Subject Property after 839 Cliffside purchased the Subject Property from Polatov, but without knowledge that Polatov sold the Subject Property to Plaintiff. *See* Compl. ¶¶ 11-13. These allegations, accepted as true, are sufficient at this stage to state a claim for unjust enrichment against 839 Cliffside. *See Bernstein*, 27 Misc.3d 1236(A), at *5, 910 N.Y.S.2d at 760; *Banco Popular N. Am.*, 75 A.D.3d at 461, 905 N.Y.S.2d at 82.

Based on the foregoing, 839 Cliffside's motion is denied insofar as Plaintiff seeks dismissal of Deutsche Bank's counterclaim for unjust enrichment on the grounds that Deutsche Bank fails to state a claim.

### 2. Counterclaim for Equitable Mortgage

Next, Plaintiff moves to dismiss Deutsche Bank's counterclaim for equitable mortgage on the grounds that Deutsche Bank fails to state a claim. *See* Pl.'s Mem. at 12. Under New York law, "an equitable mortgage is a transaction that has the intent, but not the form of a mortgage, which a court will enforce in equity to the same extent as a mortgage." *Allen v. Union Fed. Mortg. Corp.*, 204 F. Supp. 2d 543, 546 (E.D.N.Y. 2002); *see also Deutsche Bank Tr. Co. Ams. v. Cox*, 110 A.D.3d 760, 761, 973 N.Y.S.2d 662 (2d Dep't 2013) ("New York allows the imposition of an equitable lien if there is an express or implied agreement that there shall be a lien on specific property."). Accordingly, a "court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation . . . ." *Fremont Inv. & Loan v. Delsol*, 65 A.D.3d 1013, 1014, 885 N.Y.S.2d 505 (2d Dep't 2009); *see also*

*Pallian v. Metlife Bank, N.A.*, No. 12-CV-4639, 2013 WL 3190327, at *2 (E.D.N.Y. June 20, 2013) ("[A]n equitable mortgage will be imposed on property if the parties intended for there to be a legal mortgage, but the intent was not captured in the documentation that created the legal mortgage."). To that end, the availability of an equitable mortgage "is not dependent upon the nature or size of the error, but rather upon the existence of a 'clear intent between the parties that [certain] property be held, given or transferred as security for an obligation.'" *New York TRW Title Ins. v. Wade's Canadian Inn & Cocktail Lounge, Inc.*, 199 A.D.2d 661, 664, 605 N.Y.S.2d 139 (3d Dep't 1993) (quoting *Datlof v. Turetsky*, 111 A.D.2d 364, 365, 489 N.Y.S.2d 353 (2d Dep't 1985)); *see also Allen*, 204 F. Supp. 2d at 546 (observing that courts impose equitable mortgages where "a legal mortgage 'fails for the want of some solemnity'") (quoting *Payne v. Wilson*, 74 N.Y. 348, 351 (1878)).

Here, Deutsche Bank's allegations are insufficient to state a claim against 839 Cliffside for equitable mortgage. In its counterclaim for equitable mortgage, Deutsche Bank alleges that, "[i]n the event that 839 Cliffside prevails upon its claim, [Deutsche Bank will seek] judgment declaring that the sum of the payments it has advanced for the Carrying Costs be secured by an equitable mortgage against the Property, separate and apart from the Mortgage." Countercl. ¶ 24. Defendant does not, however, allege that 839 Cliffside and Deutsche Bank "intended that [the Subject Property was] to be held or transferred to secure an obligation . . . ." *Fremont Inv. & Loan*, 65 A.D.3d at 1014, 885 N.Y.S.2d at 505. To the contrary, Deutsche Bank does not allege that it contracted with 839 Cliffside in any capacity. Accordingly,

Defendant's argument that "the Court can infer . . . that there was an implied contract between Polatov, Plaintiff, and [Deutsche Bank] that payments advanced to carry the property would be secured by a lien on the property even if the underlying mortgage were no longer enforceable," *see* Def.'s Opp'n at 10, lacks merit. Moreover, although the parties do not appear to dispute that an enforceable mortgage existed between Deutsche Bank and Polatov, it would be inequitable to reform the Mortgage against 839 Cliffside, which was not a party to the original transaction. Because courts impose equitable mortgages where "a legal mortgage fails for the want of some solemnity," *see Allen*, 204 F. Supp. 2d at 546, Deutsche Bank fails to state a claim for equitable mortgage against 839 Cliffside.[2]

Based on the foregoing, Plaintiff's motion to dismiss Deutsche Bank's counterclaim for equitable mortgage is granted.

## C. Motion to Strike Affirmative Defenses

Finally, Plaintiff seeks to strike Deutsche Bank's first, fifth, and tenth affirmative defenses. *See* Pl.'s Mem. at 12-17. Pursuant to Fed. R. Civ. P. 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To prevail on a motion to strike pursuant to Fed. R. Civ. P. 12(f), the plaintiff must establish: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no

---

[2] The Court further notes that, the determination that Deutsche Bank states a claim against 839 Cliffside for unjust enrichment does not mandate the imposition of an equitable mortgage. *See Fremont Inv. & Loan*, 65 A.D.3d at 1014, 885 N.Y.S.2d at 505 ("[A]lthough the plaintiff demonstrated, prima facie, that the appellant was unjustly enriched by the satisfaction of the mortgage and by the other disbursements she received, the plaintiff failed to meet its burden of establishing the intent necessary to impose an equitable mortgage.") (internal citations omitted).

question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense." *United States Commodities Future Trading Comm'n v. A.S. Templeton Grp., Inc.*, 297 F. Supp. 2d 531, 533 (E.D.N.Y. 2003). A party seeking to strike an affirmative defense bears the burden of establishing that it should be stricken. *See Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 132 (E.D.N.Y. 2015) (observing that Fed. R. Civ. P. 12(f) "place[s] the burden squarely on the party moving to strike"). A motion to strike pursuant to Fed. R. Civ. P. 12(f) "is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation omitted), *vacated on other grounds by Salcer v. Envicon Equities Corp.*, 478 U.S. 1015, 106 S. Ct. 3324 (1986); *see also A + E Television Networks, LLC v. The Wish Factory*, No. 15 Civ. 1189, 2016 U.S. Dist. LEXIS 33361, at *36 (S.D.N.Y. Mar. 11, 2016) ("Though left to the court's discretion, motions to strike affirmative defenses are generally disfavored."); *Walsh v. City of New York*, 585 F. Supp. 2d 555, 557 (S.D.N.Y. 2008) ("Motions to strike affirmative defenses are generally disfavored"). The decision of whether to strike an affirmative defense is "left to the district court's discretion." *Equal Emp't Opportunity Comm'n v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). For the following reasons, Plaintiff's motion to strike Deutsche Bank's first, fifth, and tenth affirmative defenses pursuant to Fed. R. Civ. P. 12(f) is granted in part and denied in part.

*i. First Affirmative Defense – Fraudulent Conveyance*

Plaintiff first seeks to strike Deutsche Bank's fraudulent conveyance affirmative defense. *See* Pl.'s Mem. at 13-15. Pursuant to N.Y. Debt. & Cred. Law § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." N.Y. Debt. & Cred. Law § 273. Moreover, N.Y. Debt. & Cred. Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors. *Id.* at § 276. Where a deed is fraudulently conveyed, it is null and void. *See Cadle Co. v. Organes Enters., Inc.*, 29 A.D.3d 927, 928, 815 N.Y.S.2d 732 (2d Dep't 2006) ("The plaintiff thus established its entitlement to judgment as a matter of law declaring that the deed effected a fraudulent conveyance and was null and void."); *Citibank, N.A. v. Plagakis*, 8 A.D.3d 604, 605, 779 N.Y.S.2d 576 (2d Dep't 2004) (holding that a quitclaim deed that "effected a fraudulent conveyance . . . was null and void"). To that end, where a party holds a deed that is null and void as a result of a fraudulent conveyance, it "does not have a real or substantial interest in either the real property or the outcome of [the] litigation." *Plagakis*, 8 A.D.3d at 605, 779 N.Y.S.2d at 576.

Here, Plaintiff fails to establish that Deutsche Bank's first affirmative defense should be stricken pursuant to Fed. R. Civ. P. 12(f). According to Defendant, Polatov's

"transfer of the subject property to Plaintiff constitutes a fraudulent conveyance under New York Debtor and Creditor Law Sections 273 and 276, and is therefore null and void as a matter of law." *See* Def.'s First Affirm. Def. Specifically, Deutsche Bank alleges that "Polatov was insolvent at the time of the transfer to Plaintiff, and the consideration paid by Plaintiff for the property was inadequate." *Id.* According to Deutsche Bank, if the deed conveying the Subject Property to 839 Cliffside is null and void, "Plaintiff would not have an interest in the Property to confer its standing to bring its claim pursuant to RPAPL § 1501(4)." Def.'s Opp'n at 12. Defendant's allegations are sufficient at this stage to raise a plausible inference of fraudulent intent for purposes of N.Y. Debt. & Cred. Law § 273. *See, e.g., Cadle Co.*, 29 A.D.3d at 928, 815 N.Y.S.2d at 732 (finding fraudulent intent existed based on, among other things, "the inadequacy or absence of consideration" and "the representation of the debtors and [the purchaser] by the same attorney"); *Dempster v. Overview Equities, Inc.*, 4 A.D.3d 495, 498, 773 N.Y.S.2d 71 (2d Dep't 2004) ("Badges of fraud include (1) the close relationship among the parties to the transaction, (2) the inadequacy of the consideration, (3) the transferor's knowledge of the creditor's claims, or claims so likely to arise as to be certain, and the transferor's inability to pay them, and (4) the retention of control of property by the transferor after conveyance.").

839 Cliffside counters that, "even if Plaintiff's deed is declared 'null and void' plaintiff would still have an interest in the property by virtue of its contract to purchase the property from Polatov." *See* Reply Memorandum of Law in Further Support of Plaintiff's Motion to Strike the Third Party Complaint ("Pl.'s Reply

Mem."), DE [25-7], at 8. Nevertheless, because 839 Cliffside and Polatov's intent in entering the contract to transfer the Subject Property remains to be established, it is premature to strike Deutsche Bank's first affirmative defense premised on fraudulent conveyance pursuant to N.Y. Debt. & Cred. Law §§ 273 and 276. *See Plagakis*, 8 A.D.3d at 605, 779 N.Y.S.2d at 576 (holding that a party who held a fraudulently conveyed deed did "not have a real or substantial interest in either the real property or the outcome of [the] litigation"). In any event, the contract whereby 839 Cliffside agreed to purchase the Subject Property from Polatov is not presently before the Court, and therefore does not provide a basis for striking Defendant's first affirmative defense.[3]

Based on the foregoing, Plaintiff's motion is denied insofar as Plaintiff seeks to strike Deutsche Bank's first affirmative defense pursuant to Fed. R. Civ. P. 12(f).

### ii. *Fifth Affirmative Defense – Unclean Hands*

Next, Plaintiff seeks to strike Deutsche Bank's unclean hands affirmative defense. *See* Pl.'s Mem. at 13-15. The doctrine of unclean hands "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *ABF Freight Sys., Inc. v. Nat'l Labor Relations Bd.*, 510 U.S. 317, 329, 114 S. Ct. 835, 842 (1994); *see also City of New York v. Fedex Ground Package Sys.*,

---

[3] Although the Deed conveying the Subject Property to 839 Cliffside was filed in support of Polatov's motion to discontinue the State Discharge Action, *see* Deed, *Polatov*, No. 604178/2014 (Doc. No. 46), the contract for sale was not filed with the instant motion and it does not appear that it was filed at any time in the State Discharge Action. Thus, the Court is unable to determine 839 Cliffside's interest in the Subject Property as a matter of law.

*Inc.*, 314 F.R.D. 348, 356-57 (S.D.N.Y. 2016) ("[U]nclean hands prohibits awarding equitable relief to a party that has acted fraudulently or deceitfully to gain an unfair advantage."). The doctrine "applies [however,] only where the misconduct alleged as the basis for the defense 'has immediate and necessary relation to the equity that [plaintiff] seeks in respect to the matter in litigation.'" *Specialty Minerals, Inc. v. Pluess–Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245, 54 S. Ct. 146, 147 (1933)). It is well-established that "an unclean hands defense requires a finding of bad faith." *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001). Moreover, "under New York law, to assert a defense of unclean hands, a party must have been injured by the allegedly inequitable conduct." *Id.*

Plaintiff fails to establish that Deutsche Bank's fifth affirmative defense should be stricken pursuant to Fed. R. Civ. P. 12(f). According to Defendant, "Plaintiff's claims are barred by its unclean hands and the deed transfer that resulted from a transaction that was not at arm's length because, *inter alia*, Plaintiff's counsel also represents Polatov." *See* Def.'s Fifth Affirm. Def. Deutsche Bank further alleges that "if the Court were to determine that the transfer of the Property from Polatov to Plaintiff was a fraudulent conveyance, which can be inferred at the pleading stage from the facts alleged in [Deutsche Bank's] fraudulent conveyance affirmative defense, the defense of unclean hands would be available as a bar to the relief that Plaintiff seeks." Def.'s Opp'n at 13. Accordingly, Deutsche Bank's allegations are sufficient at this stage to survive Plaintiff's motion to strike. *Erickson Beamon Ltd.*

28

*v. CMG Worldwide, Inc.*, No. 12 Civ. 5105, 2014 WL 3950897, at \*4 (S.D.N.Y. Aug. 13, 2014) (denying a motion to strike an unclean hands affirmative defense where the "defendants [had] done more than invoke the words 'unclean hands'").

The sequence of events also supports invocation of the unclean hands defense. Specifically, 839 Cliffside, LLC was registered with the New York State Department of State, Division of Corporations, on March 30, 2015. *See* 839 Cliffside Ave LLC Entity Information, *Polatov*, No. 604178/2014 (Doc. No. 53). 839 Cliffside's registered address, as well as the address to which the Department of State will mail legal process if accepted on 839 Cliffside's behalf, is the same address as Plaintiff's counsel. *Id.* Polatov transferred ownership of the Subject Property to 839 Cliffside the day after 839 Cliffside was formed. *See* Compl. ¶ 4. According to Deutsche Bank, the law firm Berg & David, PLLC represents both Polatov and 839 Cliffside. *See* Fifth Aff. Def.; *see also* Scibetta Decl. Ex. 2. The day after Polatov transferred the Subject Property to 839 Cliffside, despite no longer having an ownership interest in the Subject Property, Polatov filed a motion for summary judgment in the State Discharge Action seeking to discharge the Mortgage pursuant to N.Y. Real Prop. Acts. Law § 1501(4). *See* Notice of Motion, *Polatov*, No. 604178/2014 (Doc. No. 6). After Polatov's motion for summary judgment was denied on July 7, 2015, Polatov sought to discontinue the State Discharge Action "because he *ha[d] transferred his interest in the property*." *See* Affirmation in Support ¶ 2, *Polatov*, No. 604178/2014 (Doc. No. 45) (emphasis added). While Polatov's motion to discontinue was pending in the State Discharge Action, on August 3, 2015, 839 Cliffside commenced the instant action in

which it seeks identical relief to that which Polatov sought in the State Discharge Action.  *See* Compl. ¶¶ 4-18.  These facts are sufficient to raise a plausible inference that 839 Cliffside acted with unclean hands in obtaining title to the Subject Property. *See Sheehy v. New Century Mortg. Corp.*, 690 F. Supp. 2d 51, 69 (E.D.N.Y. 2010); *Hasegawa v. Hasegawa*, 290 A.D.2d 488, 489, 736 N.Y.S.2d 398 (2d Dep't 2002) (observing that a party "may not obtain equitable relief with unclean hands"). Accordingly, Plaintiff's motion is denied insofar as it seeks to strike Deutsche Bank's fifth affirmative defense.

### iii.    *Tenth Affirmative Defense – Equitable Mortgage*

Finally, Plaintiff seeks to strike Deutsche Bank's tenth affirmative defense of equitable mortgage.   In its tenth affirmative defense, Defendant asserts that "Plaintiff's claims are barred because Defendant holds an equitable mortgage upon the subject property resulting from the various advances it has made toward taxes, assessments, water rates, escrow, insurance premiums and/or any other charges on the property, including advances made as recently as October 2015."  *See* Def.'s Tenth Affirm. Def.  In moving to strike Deutsche Bank's tenth affirmative defense, Plaintiff argues, among other things:  (i) that "Defendant's tenth affirmative defense . . . is duplicated in defendant's second counterclaim asking the Court to impose an equitable mortgage"; and (ii) "even if defendant's [*sic*] do have an equitable mortgage, it cannot act as a defense to the instant action which seeks to discharge an entirely different mortgage."  Pl.'s Mem. at 16.  Having concluded herein that Deutsche Bank fails to state a claim against 839 Cliffside for equitable mortgage, the Court similarly

concludes that Defendant's affirmative defense of equitable mortgage should be stricken. *See In re Beacon Assocs. Litig.*, No. 09 Civ. 777, 2011 WL 3586129, at *4 (S.D.N.Y. Aug. 11, 2011) (granting motion to strike affirmative defenses where the defendant failed to allege "an adequate factual basis for the[] defenses"). Therefore, Plaintiff's motion is granted insofar as Plaintiff seeks to strike Deutsche Bank's tenth affirmative defense.

## III.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion is granted in part and denied in part. Specifically, Plaintiff's motion is granted insofar as 839 Cliffside seeks: (i) to strike Deutsche Bank's Third-Party Complaint against Polatov, (ii) dismissal of Deutsche Bank's counterclaim for equitable mortgage, and (iii) to strike Deutsche Bank's tenth affirmative defense. Plaintiff's motion is denied insofar as 839 Cliffside seeks: (i) dismissal of Deutsche Bank's counterclaim for unjust enrichment, and (ii) to strike Deutsche Bank's first and fifth affirmative defenses. A status conference has been set for October 27, 2016 at 11:00 a.m. in courtroom 820 of the Central Islip courthouse.


Dated: Central Islip, New York            **SO ORDERED**
        September 23, 2016

                                           /s/ Steven I. Locke
                                           STEVEN I. LOCKE
                                           United States Magistrate Judge