UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
839 CLIFFSIDE AVENUE LLC,

                      Plaintiff,

             -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for First Franklin Mortgage
Loan Trust 2006-FF3, Mortgage Pass-Through
Certificates, Series 2006-FF3,

                     Defendant.
-------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-4516 (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this action concerning a mortgage that encumbers residential real property owned by Plaintiff 839 Cliffside Avenue LLC ("Plaintiff" or "839 Cliffside") is Defendant Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3's ("Defendant" or "Deutsche Bank") motion seeking reconsideration of this Court's August 25, 2017 Order dismissing Defendant's counterclaim for foreclosure as barred by the statute of limitations.[1]  *See* DE [54]. For the reasons set forth herein, Defendant's motion is denied.

---
[1] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* Docket Entries ("DEs") [21], [22].

## I.  RELEVANT BACKGROUND[2]

On or about November 9, 2005, Elmar Polatov ("Polatov") executed, in favor of First Franklin a Division of Nat. City Bank of Indiana, a note (the "Note") in the principal amount of $750,000.00 and a mortgage (the "Mortgage") securing payment on the Note encumbering his residential property located at 839 Cliffside Avenue, Valley Stream, New York (the "Subject Property").  *See* AAC, Counterclaim ¶¶ 4, 5, Exhibits ("Exs.") A, B.  Following several assignments, the Mortgage was ultimately transferred to Deutsche Bank.  *See id.* ¶ 6, Exs. C-E.

Polatav defaulted on the Note and Mortgage by failing to remit all monthly payments due on and after October 1, 2007.  *See id.* ¶ 9.  Consequently, on July 1, 2008, Defendant commenced a foreclosure action in the New York State Supreme Court, captioned *Deutsch Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3 v. Elmar Polatov, et al.*, Index No. 12067/2008 (N.Y. Sup. Ct.) (the "State Foreclosure Action").  *See* Declaration of Shane Wax, Esq., DE [39-1], Ex. 1.  On July 16, 2008, Deutsche Bank attempted to effectuate service upon Polatav in the State Foreclosure Action by leaving copies of the Summons and Complaint in that action with an individual at the Subject Property, and also mailing copies of such documents to that same address by first-class mail in accordance with the terms of the Mortgage. *See id.*

---

[2] Unless otherwise noted, the facts set forth herein are drawn from the Amended Answer and Counterclaim ("AAC"), DE [35].

After Polatov failed to appear in the State Foreclosure Action, the Supreme Court entered a judgment of foreclosure and sale of the Subject Property on May 24, 2010. *See* Declaration of Brian P. Scibetta, Esq. in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim, DE [41-1], Ex. 1. On January 5, 2011, however, the Supreme Court vacated its judgment and dismissed the State Foreclosure Action without prejudice for lack of proper service pursuant to N.Y. Civil Practice Law Rule § 3211(a)(8). *See id.*, Ex. 4. 839 Cliffside subsequently acquired title to the Subject Property from Polatov *via* deed dated March 31, 2015 and recorded the transfer of the deed with the Nassau County Clerk's Office on April 2, 2015. *See* AAC, Counterclaim ¶ 8.

By way of Complaint dated August 3, 2015, 839 Cliffside commenced this action against Deutsche Bank seeking to discharge the Mortgage. *See* Complaint, DE [1]. On November 2, 2015, Deutsche Bank filed an Answer, Counterclaim, and Third-Party Complaint in which it asserted various affirmative defenses, counterclaims against 839 Cliffside for unjust enrichment and equitable mortgage, and a third-party claim against Polatov for unjust enrichment. *See* DE [18]. Plaintiff filed its opposed motion to strike Defendant's third-party claim, dismiss Deutsche Bank's counterclaims, and strike Defendant's affirmative defenses on January 12, 2016. *See* DE [25]. On September 26, 2016, this Court entered an Order striking Defendant's third-party claim and its tenth affirmative defense of equitable mortgage, and dismissing the counterclaim for equitable mortgage. *See* DE [28]. Defendant, after obtaining leave of Court, filed the AAC on November 4, 2016, which contained two

counterclaims, one for foreclosure and the other for unjust enrichment. *See* DEs [30]-[33], [35].

Plaintiff subsequently filed a motion to dismiss Deutsche Bank's counterclaims on February 10, 2017, which Defendant opposed. *See* DEs [39], [41]. In support of its motion, 839 Cliffside argued, as relevant here, that Deutsche Bank's foreclosure counterclaim was untimely. *See* DE [39-5] at 1-2. More specifically, Plaintiff asserted that the six-year statute of limitations applicable to mortgage foreclosure actions in New York began to run when Defendant accelerated the Mortgage debt on July 1, 2008 by filing the State Foreclosure Action, and, thus, expired on July 1, 2014, before Deutsche Bank filed the AAC. *See id.* at 10-11. 839 Cliffside further contended that Defendant never revoked its acceleration of the Mortgage. *See id.* at 12. In opposition, Deutsche Bank asserted that Plaintiff's motion was premature because discovery concerning the statute of limitations issue was ongoing at the time. *See* DE [41] at 1-2. In that regard, Defendant argued that a valid acceleration of the Mortgage never occurred because Polatov was not served with process in the State Foreclosure Action and, similarly, that questions of fact existed regarding whether Polatov ever received "clear and unequivocal" notice of the purported acceleration. *See id.* Deutsche Bank also raised the existence of fact issues concerning whether it had standing to commence the State Foreclosure Action, which, in its view, precluded dismissal of the foreclosure counterclaim. *See id.* at 17-19. Finally, Defendant argued

that its counterclaim was timely by virtue of the relation-back doctrine under Fed. R. Civ. P. 15. *See id.* at 19-21.[3]

By Order dated August 25, 2017, this Court granted 839 Cliffside's motion and dismissed Deutsche Bank's foreclosure counterclaim as time-barred. *See* DE [54] at 6-7. The Court agreed with Plaintiff that the Mortgage debt was accelerated as a matter of law when Defendant filed the State Foreclosure Action, thereby commencing the statute of limitations period. *See id.* at 7. Further, this Court ruled that the limitations period continued to run despite the State Foreclosure Action's dismissal, noting that Deutsche Bank did not assert in either the AAC or its opposition brief that it took any affirmative action to revoke its election to accelerate. *See id.* at 8-9. With regard to Defendant's argument that its failure to properly serve Polatov in the State Foreclosure Action invalidated the acceleration, the Court— relying on a number of New York state court decisions—concluded that improper service "does not affect the validity of the election to accelerate that results from the filing of the action itself and the running of the statute of limitations time period." *Id.* at 9. In so holding, this Court distinguished the instant case from the two decisions relied upon by Deutsche Bank—*Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 943 N.Y.S.2d 540 (2d Dep't 2012) and *21st Mortg. Corp. v. Osorio*, 51 Misc. 3d 1219(A), 41 N.Y.S.3d 453 (N.Y. Sup. Ct. 2016). *See* DE [54] at 10-11. In addition, the Court deemed the relation-back doctrine under Fed. R. Civ. P. 15 inapplicable

---

[3] Defendant was initially represented in this matter by the firm of Buckley Madole, P.C. On May 9, 2017, however, after Plaintiff's motion to dismiss the foreclosure counterclaim was fully briefed, the firm of McGlichey Stafford substituted in as counsel for Deutsche Bank. *See* DEs [47]-[49].

because "[t]he [amended Counterclaim] markedly alters rather than elaborates on the allegations contained in the counterclaims filed with the Answer." *Id.* at 12. The Court explained that "nothing in the original counterclaim gave notice that Defendant would allege the same conduct that previously only constituted an inequity would also now be characterized to be a violation of a contractual obligation" and that "the bases for recovery in the original and amended causes of action are not obviously or closely related." *Id.* at 14-15. Finally, the Court rejected Defendant's contention that it lacked standing to bring the State Foreclosure Action, citing Deutsche Bank's admission in the AAC to the attendant facts pertaining to this issue. *See id.* at 16.

On September 8, 2017, Defendant filed the instant motion seeking reconsideration of this Court's August 25, 2017 Order. *See* DE [58]. Plaintiff submitted opposition on September 15, 2017, and Deutsch Bank filed a reply thereto on September 22, 2017. *See* DEs [58], [59].

## II.    LEGAL STANDARD

Local Civil Rule 6.3 requires a party seeking reconsideration of a prior order to "set forth concisely the matters or controlling decisions which the party believes the court has overlooked." *Pickering-George v. Attorney Gen. of U.S.*, No. 10-cv-1103, 2011 WL 52363, at *1 (E.D.N.Y. Jan. 5, 2011) (internal alteration omitted) (quoting Local Civ. R. 6.3). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel*

*Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). It is thus well-established that "[t]he standard for a motion for reconsideration is demanding, and should be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *Henry v. Alliance for Health, Inc.*, No. 05-cv-1264, 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002)); *see also Hunt v. Enzo Biochem, Inc.*, No. 06-cv-170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("A motion for reconsideration is not . . . a 'second bite at the apple' for a party dissatisfied with a court's ruling." (citation omitted)). Moreover, on reconsideration, "[a] party may not advance new facts, issues[,] or arguments not previously presented to the Court . . . ." *Bentivegna v. People's United Bank*, No. 2:14-cv-599, 2017 WL 4277149, at *2 (E.D.N.Y. Sept. 25, 2017); *see Impax Labs., Inc. v. Turing Pharm. AG*, No. 16-cv-3241, 2018 WL 4007641, at *5 (S.D.N.Y. Aug. 21, 2018) ("[A] motion for reconsideration is not the appropriate vehicle to raise new arguments and present new facts that could have been presented earlier and were not."). Ultimately, motions for reconsideration "are committed to

the sound discretion of the district court." *Image Processing Techs. v. Canon Inc.*, No. 10-cv-3867, 2012 WL 253097, at \*1 (E.D.N.Y. Jan. 26, 2012).

## III.   DISCUSSION

In support of its motion for reconsideration, Defendant argues that:  (i) in granting Plaintiff's motion to dismiss, the Court misapplied the legal standard under Fed. R. Civ. P. 12(b)(6); (ii) relatedly, evidence uncovered in discovery shows that dismissal of its foreclosure claim was premature; and (iii) an intervening change in applicable law warrants reconsideration.  *See generally* Memorandum of Law in Support of Defendant's Motion for Reconsideration ("Def.'s Mem."), DE [55-5]. Relying on what it purports to be "evidence uncovered in discovery," Deutsche Bank asserts for the first time that its possession of the Subject Property tolled the statute of limitations and that it revoked its acceleration prior to the expiration of the statute of limitations. *See id.* at 7-11.  Moreover, Defendant, on the basis of a May 2017 New York trial-court decision, asks the Court to reconsider its prior holding supported by longstanding New York precedent.  As explained in detail below, Deutsche Bank's motion, filed by newly-retained counsel, is merely an attempt to re-litigate Plaintiff's motion to dismiss following an undesirable outcome—a classic, improper try for a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).   Contrary to Defendant's contentions, its motion for reconsideration is premised solely upon new arguments and facts that were plainly available when the underlying motion to dismiss was briefed, and arguments that were raised and rejected in connection with that motion.

Defendant having failed to set forth any controlling decisions or evidence that the Court previously overlooked, the motion for reconsideration is denied.

A. **This Court Properly Applied the Standard Under Fed. R. Civ. P. 12(b)(6)**

As a preliminary matter, in its August 25, 2017 Order, this Court set forth the correct legal standard under Fed. R. Civ. P. 12(b)(6). *See* DE [54] at 4-6. Indeed, the Court specifically recognized that a pre-answer motion to dismiss on statute of limitations grounds "may be granted only if it is clear on the face of the complaint that the statute of limitations has run." *Id.* at 6 (quoting *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013)). Then, applying this standard, the Court concluded that Deutsche Bank's foreclosure counterclaim was clearly time-barred pursuant to New York's six-year statute of limitations applicable to foreclosure actions because Defendant commenced the State Foreclosure Action on July 1, 2008, thereby accelerating the Mortgage loan, and did "not assert in the [AAC] or its opposition that at any point after the filing of the original foreclosure action it took any action to revoke its election." *Id.* at 8-9. Deutsche Bank contends that, in reaching this conclusion, the Court failed to consider "the various sets of facts that may exist (and do exist) that demonstrate questions of fact as to the acceleration of the loan, revocation of any purported acceleration, tolling of the statute of limitations, and/or re-sets of the statute of limitations." *See* Def.'s Mem. at 6. This assertion is unavailing, however, as the Court addressed each point actually raised by Defendant pertaining to the proper calculation of the statute of limitations period, and the remaining "sets of facts" that the Court allegedly failed to consider could have been,

but were not, brought to the Court's attention in its opposition to Plaintiff's motion to dismiss or otherwise.

In opposition to the underlying motion, Deutsche Bank argued only that: (i) the Mortgage debt was never accelerated due to Defendant's failure to properly serve Polatov in the State Foreclosure Action; (ii) Polatov did not receive "clear and unequivocal" notice of the acceleration; (iii) Deutsche Bank lacked standing to commence the State Foreclosure Action; and (iv) the relation-back doctrine renders the foreclosure counterclaim timely. *See* DE [41] at 12-21. This Court's August 25, 2017 Order considered and rejected each contention in turn. With respect to the first argument, the Court concluded that improper service of process on Polatov "does not affect the validity of the election to accelerate that results from the filing of the action itself and the running of the statute of limitations time period." DE [54] at 9 (citing *Albertina Realty Co. v. Rosbro Realty Corp.*, 258 N.Y. 472, 476, 180 N.E. 176, 176 (1932); *Clayton Nat., Inc. v. Guldi*, 307 A.D.2d 982, 982, 763 N.Y.S.2d 493, 493 (2d Dep't 2003); *Puzzuoli v. JPMorgan Chase Bank, N.A.*, 55 Misc. 3d 417, 426, 49 N.Y.S.3d 228, 236 (Sup. Ct. 2016); and *Gold v. Vanden Brul*, 28 Misc. 2d 644, 211 N.Y.S.2d 757 (Sup. Ct. 1961)). The Court proceeded to distinguish both cases relied upon by Defendant in support of its position, *Burke*, 94 A.D.3d 980, 943 N.Y.S.2d 540 and *Osorio*, 51 Misc. 3d 1219(A), 41 N.Y.S.3d 453. *See* DE [54] at 10-11. *Burke* is inapposite, this Court determined, because, in that case, the primary deficiency was that the plaintiff-mortgagee filed its foreclosure complaint before ever properly being assigned the mortgage and note at issue. *See id.* at 10. Further, this Court explained

that, in *Osorio*, the state trial court found that an acceleration did in fact take place predicated on the filing of a complaint despite improper service of process and was, thus, of no persuasive value. *See id.* at 10-11. And as explained above, this Court also adequately addressed Deutsche Bank's standing and relation-back arguments.[4] *See* DE [54] at 11-17. In short, the Court reached its decision based on consideration of all applicable case law submitted and its review of the pleadings and judicially noticeable documents before it. Thus, Defendant has not met its burden on reconsideration to show that the Court overlooked any arguments raised in connection with the underlying motion to dismiss.

According to Deutsche Bank, though, reconsideration is nevertheless warranted because "discovery revealed several critical facts that effect [*sic*] the proper calculation of the statute of limitations on this mortgage loan." Def.'s Mem. at 6. Those newly discovery facts, Defendant's contention goes, give rise to two legal arguments: (i) that the statute of limitations on its foreclosure counterclaim was tolled by Deutsche Bank's possession of the property; and (ii) that Defendant revoked any prior acceleration when it mailed default notices to Polatov advising that he could cure his default by making a reinstatement payment in the amount of his past due balance. *See* Def.'s Mem. at 7-11. This argument likewise lacks merit, as such facts—and especially their associated legal arguments—were available to Deutsche Bank when it initially opposed 839 Cliffside's motion to dismiss, but Defendant elected not

---

[4] As Defendant does not, through the instant motion, challenge this Court's prior findings that Deutsche Bank had standing to commence the State Foreclosure Action and that the relation-back doctrine does not apply, the Court need not examine these issues in any further detail here.

11

to raise them. *See Impax Labs.*, 2018 WL 4007641, at \*5; *Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 244 (E.D.N.Y. 2015) ("In a motion for reconsideration, a party may not introduce new facts or raise new arguments that could have been previously presented to the court." (citation omitted)).

As the Second Circuit has explained, reconsideration on the basis of newly-discovered evidence is proper only if, *inter alia*: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, [and] (2) the movant [was] justifiably ignorant of [those facts] despite due diligence . . . ." *Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l, Inc.*, 666 F. App'x 17, 25 (2d Cir. 2016) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)); *see Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (defining "new evidence" for purposes of reconsideration as "evidence that was truly newly discovered or could not have been found by due diligence [.] . ." (citation and internal quotation marks omitted)).

Here, in support of its tolling argument, Defendant cites Section 9 of the Mortgage, which permits Deutsche Bank to secure and take possession of the Subject Property in the event that it is vacant or abandoned. *See* Def.'s Mem. at 8. Defendant maintains that, in light of Section 9, the deposition testimony of Polatov and Michael Watkins ("Watkins"), a representative of Defendant's prior loan servicer, demonstrates that Deutsche Bank was lawfully in possession of the Subject Property as of 2010 and that Polatov was expressly locked out of the Subject Property and took no measures to regain lawful entry. *See id.* Therefore, according to Defendant, the

statute of limitations on its foreclosure counterclaim "has been continually re-set by reaffirmation of the debt by . . . Polatov, and is thus not expired." *Id.* With respect to its revocation argument, Deutsche Bank claims that, "as discovery has made clear, any acceleration was revoked by the dismissal of that action and subsequent mailing of default notices notifying Polatov that he could cure the default by payment of arrears (not the full accelerated amount)." *Id.* at 9.

The Court finds inconceivable the notion that, when Defendant opposed the underlying motion to dismiss, it was justifiably ignorant of the information it has now identified and relied upon. Indeed, Deutsche Bank concedes that, in between 2010 and 2014, it "learned the [Subject] [P]roperty was vacant and unsecured" and thus changed the locks and made improvements to the property. Def.'s Mem. at 8. Having maintained lawful possession of the Subject Property as of 2010, Defendant was necessarily aware that Polatov took no measures to regain lawful entry. With this knowledge, Deutsche Bank was fully equipped to raise this tolling argument in opposition to 839 Cliffside's motion to dismiss but did not do so. In addition, the information pertaining to Defendant's revocation argument purportedly gleaned from the default notices and deposition testimony of Polatov—in essence, that Deutsche Bank sent Polatov notices that the Mortgage loan could be reinstated as an installment loan—was likewise clearly known by Defendant at the time it opposed Plaintiff's motion to dismiss. At the very least, the facts giving rise to both arguments could have been "found by due diligence." *See Space Hunters*, 500 F. App'x at 81. Accordingly, the tolling and revocation arguments were both available at the time

Plaintiff moved to dismiss the foreclosure counterclaim and will not be considered now.[5] Defendant's prior counsel's failure to raise these arguments in the first instance provides no basis for reconsideration.[6] *See Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 271 (2d. Cir. 1999) ("In the present circumstances, we see no reason to eschew application of the general rule that civil litigants are bound by the acts and omissions of their freely selected attorneys." (citation omitted)); *Pierre v. Planet Auto., Inc.*, No. 13-cv-675, 2016 WL 6459617, at \*4 (E.D.N.Y. Oct. 31, 2016) ("Suzuki's new counsel may be dissatisfied with its predecessor's arguments to the Court, but on a reconsideration motion, Suzuki's new counsel is bound by those arguments.").

## B. There Has Been No Change in Controlling Law

Defendant's argument that an intervening change in law necessitates reconsideration is equally unavailing. In support of its position, Deutsche Bank cites one New York Supreme Court decision issued in April 2017—*Nationstar Mortg., LLC v. MacPherson*, 56 Misc. 3d 339, 341, 54 N.Y.S.3d 825, 829 (N.Y. Sup. Ct. 2017)—for the proposition that acceleration of a mortgage loan does not occur until after judgment is entered due to a borrower's contractual right to re-instate the loan until that point. *See* Def.'s Mem. at 11. Specifically, Deutsche Bank claims that, in light

---

[5] Defendant also argues in a footnote that Polatov's ability under New York law to, at any time prior to the Mortgage being discharged, send correspondence reaffirming the debt should have precluded dismissal of the foreclosure counterclaim with prejudice. *See* Def.'s Mem. at 9 n.3. Again, by failing to raise this contention in opposition to Plaintiff's motion to dismiss, Deutsche Bank has waived its right to do so in the context of a motion for reconsideration.

[6] As to Defendant's prematurity argument premised on the existence of a Court-ordered discovery schedule, which is closely related to its other assertions, Deutsche Bank does not articulate, and the Court cannot otherwise ascertain, how this somehow precludes a ruling on the merits of Plaintiff's motion to dismiss.

14

of *MacPherson*, the mere commencement of the State Foreclosure Action did not accelerate the Mortgage loan. *See id.*

"Although state trial-court rulings may be persuasive as to what state law is, they are not binding on this court." *Courchevel 1850 LLC v. Stern*, No. 17-cv-1794, 2018 WL 3193210, at *3 (E.D.N.Y. June 28, 2018) (citing *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 399 (2d Cir. 2001)). Deutsche Bank's contention thus fails for this reason alone. In a similar vein, because the *MacPherson* court relied on cases predating Plaintiff's motion to dismiss—including *Burke*, 94 A.D.3d 980, 943 N.Y.S.2d 540, a case distinguished by this Court in its August 25, 2017 Order—Defendant waived its argument premised on the underlying theory that it never exercised its right to accelerate the loan under the terms of the Mortgage for the reasons set forth in the preceding section, and the Court need not and should not entertain an argument hinging on an interpretation of the Mortgage terms at this juncture. Further, in *Beneficial Homeowner Serv. Corp. v. Tovar*, a decision issued after *MacPherson*, the Appellate Division, consistent with the cases relied upon by this Court in its August 25, 2017 Order, ruled that commencement of a mortgage foreclosure proceeding constituted a valid election to accelerate the maturity of a debt, notwithstanding the fact that the action was ultimately dismissed for failure to effectuate personal service. *See* 150 A.D.3d 657, 658, 55 N.Y.S.3d 59, 60-61 (2d Dep't 2017). Accordingly, as Defendant has raised no change in controlling law, reconsideration on this basis is improper.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration is denied.

Dated: Central Islip, New York
       September 5, 2018                    **SO ORDERED**

                                            s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge